Paul Hunter
Attorney at Law
2616 Central Avenue
Cheyenne, Wyoming 82001
307-637-0212 307-637-0262 (Fax)
*attypaulhunter@prodigy.net*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | Case Number 09-20441 |
| George Elmer Gliem, ) | Chapter 13 |
| Julie Edgar Gliem ) | |
| ) | |
| Debtors   . ) | |

**CHAPTER 13 PLAN AND MOTIONS ___ Original _X__Amended (3rd Amended)**

**TAKE NOTICE:** This plan contains evidentiary averments, which if not controverted, may be accepted by the Court as true. Any objection to those assertions, to the plan or to the claim treatment must be filed in accordance with the Notice of Confirmation served separately. Absent any objection, the court may accept the values and allegations contained in the plan, grant the motion, and confirm this plan without further notice or hearing.

The debtors propose this plan and declares:

**Payments and Length of Plan**. The debtors shall pay to the Chapter 13 trustee:

    A.   $565 per month for months 1-3.  $835 per month for months 4-8.  $868 for months 9-60 for a total amount not less than $51,006.

    B.   Collected and liquidated property proceeds of:  The net proceeds from a recovery or settlement with the Veteran Administration that is attributable to the debtors.  The estate will not be entitled to a recovery or settlement attributable to the debtors' children.

    C.   All tax refunds to which the debtors are entitled to during the period of the first 36 plan payments

    Any tax refunds received by the trustee shall be applied in reduction of claims to be paid through the plan to reduce the term of the plan to the extent permissible under the Bankruptcy Code.

**Claim Treatment**. Only filed and allowed claims will be paid.  If a discrepancy exists between the amount of a secured claim as filed and the amount of the secured claim set forth in the plan, the plan will control.

1. **Administrative Expenses**   The trustee will pay administrative expenses in full by equal deferred cash payments as follows:

Attorney Fees  Prepetition Payment         $500 (includes $274 ff)
               To be Paid by the Trustee   2,274
               Total Fees and Expenses     2,774 (includes $274 ff)

The fee is for an uncontested Chapter 13 case.  The fee will be higher if the confirmation process is contested or a creditor files a motion to dismiss.

2. **Priority Claims**.  The following priority claims will be paid in full, unless the holder of a particular claim agrees to different treatment under the plan, as follows:

Creditor         Allowed Amount          Monthly Payment
NA

DSO  The debtor will pay Domestic Support Obligations that become due after the iling of the petition as follows:  NA

3. **Secured claims**

   a.  Secured claims subject to §506  paid in full through the plan.   The debtor moves to value the collateral as indicated.  The trustee will pay allowed secured claims at the amount of the claim or the value of the collateral to which the creditors' lien attaches, whichever is less.  The creditor will retain its lien until the allowed secured portion of the claim is fully paid.  The claimant will be deemed unsecured and will be paid as an unsecured creditor for any deficiency balance if the creditor files a timely claim for any deficiency balance remaining.

Claimant         Collateral       FMV        Claim Amt.  Unsec. Bal.  Int.
GMAC             Trailbrazer      $7,125     $5338.62    0            1.9%

   b.   Secured claims not subject to § 506.   The following debts either incurred within 910 days before the petition date and secured by a PMSI in a motor vehicle or incurred within one year before the petition date and secured by a PMSI in any other thing of value will be paid as follows:

         Claimant       Collateral       FMV      Claim Amt.   Unsec. Bal.  Int.
NA

4. **Defaults Cured.**  The trustee will pay these claims pro rata to cure a default or arrears for debt, and the debtor shall timely pay the postpetition monthly payments to the creditor due under the contract.  Full payment of the amounts specified will cure all arrearages and cause any defaults to be waived notwithstanding the terms of any agreement between the parties to the contrary.  In the absence of written objections, the amount necessary to cure an arrearage and obtain waiver of default will be determined to be the amounts stated:

| Claimant | Collateral | Arrearage | Term |
|---|---|---|---|
| Aurora Loan (1st) | Home | $30,340.86.* | 48 |
| Aurora Loan (2nd) | Home | $2,000 | 48 |

(* Includes postpetition cure of $7,810.53 through September 09)

5. **Secured Claims for which Collateral is Surrendered.**  The debtor will surrender the following collateral.  The claimant is deemed unsecured and will be paid as an unsecured creditor if the creditor files a timely claim for any balance remaining.

| Claimant | Collateral Surrendered |
|---|---|
| Countrywide | 911 Madison |
| Citimortgage | 911 Madison |

6. **Specially classified unsecured claims.**

    Codebtor claims:  The trustee will pay the following creditor claims together with interest:

| Claimant | Amount | Interest Rate |
|---|---|---|
| N/A | | |

Liens avoided under 522(f): The debtor moves to avoid these liens that impair exemptions. These claims are deemed unsecured and are treated under Class 7 if the creditor filed a timely proof of claim.

| Creditor | Amount | Interest Rate |
|---|---|---|
| NA | | |

7. **Unsecured Claims.**    All nonpriority, unsecured claims will be paid pro rata from at least the total sum of $5,590 resulting in a distribution to unsecured creditors of approximately 100%.

The following nondischargeable unsecured debtors will be paid interest at the rate of ___% during the term of the plan and to the extent allowed under 11 U.S.C. §1322(b)(10).  NA

8. **Unmodified Claimants**.  These creditors will be paid directly by the debtor in accordance with the contract terms, and will retain any and all interests in property of the debtor or the estate.  This includes the following creditors paid under class 4 of the plan.

| Creditor | Collateral | Value |
|---|---|---|
| Aurora Loan (1st) | Home | $286,470 |
| Aurora Loan (2nd)  Home | Home | $286,470 |
| Capitol One | Subaru | $20,247 |

9. **Adequate Protection Payments and Payments to Lessors**.   The trustee shall pay the following adequate protection payments or payments on leases of personal property and shall receive the percentage fee due under the plan on the payments    Upon confirmation, the claims will be treated under paragraph 3(a) or 3(b) as indicted:  NA.

Creditor                             Amount of Monthly Payment
None

# OTHER PROVISIONS

1.  **Executory Contracts Rejected.**   All executory contracts and unexpired leases are rejected and the collateral that is or may be the subject of the leases is abandoned, except the following, on which the debtor will cure all defaults and pay the claimant in accordance with the contract terms and conditions of the contract.

2.  **Vesting of Property:** Property of the estate will vest in the debtor:

   _X__ Upon confirmation of the plan   ____ upon discharge or dismissal.

3.  **Application of Proceeds to Debt.**   In all cases where a creditor applies sale of insurance proceeds to debt treated in this plan, the creditor must file an amended proof of claim within 15 days.

4.  **Order of Disbursements:**   With the exception of adequate protection payments disburse before confirmation, the trustee will disburse payments received under the plan
first to administrative claims allowed under §§ 503(b) and 507(a)(1) concurrently; and then  to all other classes of claims *pro rata.*

5.  **Lien Retention**:   Allowed secured claim holders shall retain liens until liens are released upon completion of all payments under the plan or the allowed secured claim is paid in full.

### DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned debtor, declare under penalty of perjury that the statements contained in the foregoing Chapter 13 Plan are true and correct to the best of my knowledge, information, and belief.

Dated:  December 6, 2009

/s/_____
George Elmer Gliem
/s/_____
Julie Edgar Gliem

/s/_____
Paul Hunter
Debtor's Attorney

Paul Hunter
Attorney at Law
2616 Central Avenue
Cheyenne, Wyoming 82001
307-637-0212 307-637-0262 (Fax)
*attypaulhunter@prodigy.net*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:                                      )
                                            ) Case Number 09-20441
George Elmer Gliem,                         )      Chapter 13
Julie Edgar Gliem                           )
      Debtors        .                      )

## CHAPTER 13 PLAN SUMMARY

| | |
|---|---|
| A. Total debt provided for in the plan and administrative expenses | |
| 1. Attorney Fees | 2,274 |
| 2. Mortgage Arrears | 32,340 |
| 3. Secured Claims (Including Adequate Protection Payments) | 5,700 |
| 4. Priority Claims | |
| 5. Separate Class of Unsecured Claims | |
| 6. All other Unsecured Claims | 5.592 |
| Total Paid to Above Creditors | 45,906 |
| Trustee % Fee | 5,100 |
| Total Debtor Payments to the Plan | 51.006 |
| B. Reconciliation with Chapter 7 | |
| 1.  a.  Value of Real Property | 430,038 |
| Less Secured claims | 430,038 |
| Less Exemptions | |
| b.  Value of Personal Property | 39,285 |
| Less Secured Claims | 25,671 |
| Less Exemptions | 5,801 |
| c.  Value of avoidable transfers | |
| d.  Less unsecured priority claims | 950 |
| e.  Less est. Chapter 7 administrative Expenses and Costs | 2,000 |
| Total Paid under Hypothetical Chapter 7 to Unsecured Creditors | 2,851 |
| Percent of Unsecured Non-Priority Claims Paid Under the Plan | 100% |
| Estimated % of Unsecured, Non-Priority Claims if a Chapter 7 were filed. | 18% |

Dated:  December 6, 2009.

                        /s/_____
                        Paul Hunter, Attorney at Law

/s/_____
George Elmer Gliem
/s/_____
Julie Edgar Gliem